**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CLYDE W. HAIRE, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 2:09-cv-245-WTL-TAB |
| | ) | |
| H.J. MARBERRY | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition for writ of habeas corpus of Clyde Haire is **denied**. This disposition is compelled by the following facts and circumstances:

1.   Haire was convicted of violating 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (felon in possession of a firearm) and 18 U.S.C. § 922(k) (possession of a firearm with an obliterated serial number) in the United States District Court for the Eastern District of Michigan. *See United States v. Haire,* 89 Fed. Appx. 551, 553 (6th Cir. 2004) (unpublished).

2.   Haire now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) based on his arguments that his conviction violated the Ex Post Facto Clause of the United States Constitution and that he was deprived of due process because he lacked sufficient notice that it was illegal for him to possess a gun.

3.   A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974).

   a.   According to § 2255(e), however, a federal prisoner may use § 2241 to contest his conviction or sentence only when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."

   b.   A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport,* 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

      c.      It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999).

      4.      Haire reports in his habeas petition that he sought relief pursuant to § 2255 before filing the present action for habeas corpus relief. In order to proceed here, as explained above, Haire must show that the "provisions limiting multiple § 2255 motions prevent a prisoner from obtaining review of a legal theory that establishes the petitioner's actual innocence." *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). Haire has not established either part of this showing. Specifically, there is no showing that Haire did not or could not have presented his habeas claims previously–either in his direct appeal or in his first action pursuant to 28 U.S.C. § 2255. Additionally, the argument Haire makes concerning the restoration of his right to possess firearms under Colorado law at a certain time relates to his factual innocence, not his legal innocence–he does not argue that the charged conduct is no longer a crime or that there is newly discovered evidence. *See Lewis v. Peterson,* 329 F.3d 934, 936 (7th Cir. 2003).

      5.      Based on the foregoing, the court finds that Haire has not established the existence of circumstances permitting him to present his claims via 28 U.S.C. § 2241.

      6.      Despite Haire being physically present in this District, he is not entitled to proceed with his habeas claim. *See Jiminian v. Nash,* 245 F.3d 144, 147-48 (2d Cir. 2001) (§ 2241 relief not available because petitioner could have raised claim on direct appeal or in prior § 2255 attack, thus § 2255 remedy not inadequate or ineffective); *Longbehn v. United States,* 169 F.3d 1082, 1083 (7th Cir. 1999) (same). There is no feature about his claim suggesting that a remedy via § 2255 has been inadequate or ineffective to test the legality of his detention. His petition for writ of habeas corpus is therefore **denied.**

      Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 03/17/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana